**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

STEVEN J. HANYON,

                                    Plaintiff,

                                                             3:25-cv-424 (BKS/DJS)

v.

EXPRESS AUTO CREDIT CORP. and UNIVERSAL
INSTRUMENTS,

                                    Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Steven J. Hanyon
Port Crane, New York

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Steven J. Hanyon filed this action pro se against Defendants Express Auto Credit Corp. and Universal Instruments. (Dkt. No. 1). Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2). This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on May 8, 2025, granted Plaintiff's application to proceed IFP, (Dkt. No. 9), and issued a Report-Recommendation, recommending that Plaintiff's complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983, but that Plaintiff be granted leave to amend, (Dkt. No. 10). Magistrate Judge Stewart informed Plaintiff that he had fourteen days within which to file written objections to the Report-Recommendation under 28 U.S.C. § 636(b)(1), and that the failure to object to the Report-Recommendations within fourteen days would preclude appellate review. (*Id.* at 9).

Plaintiff's "objections" consist of two identical letters, which state: "The only objections I have is the court should use their own motion for keeping on going exhausted my motions and complaints, I need funds from these suits because I apply myself to have a life and also the time lost from doing it." (Dkt. No. 12 (filed May 17, 2025); Dkt. No. 13 (filed May 19, 2025)). On May 31, 2025, Plaintiff filed a third letter requesting "an update," referring to financial difficulties, and stating that he hoped "defendants have enough funds to pay for the amount that I get on my own, and the law of the land says that it can not delay time in such a case." (Dkt. No. 13).

As none of three letters Plaintiff filed contain a specific objection to the Report-Recommendation, and as the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety, including Magistrate Judge Stewart's recommendation that Plaintiff be given leave to file an amended complaint. The Court also adopts Magistrate Judge Stewart's instructions regarding the filing of an amended complaint. (*See* Dkt. No. 10, at 8).

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 10) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice** for failure to state a claim; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the

current complaint(s) in total and must comply with the directions in the Report-Recommendation and this Order; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Stewart for review; and it is further

**ORDERED** that if Plaintiff fails to file a timely amended complaint, the Clerk shall close this case without further order; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 17, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge