**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

STEVEN HANYON,

                            Plaintiff,

           v.                                  3:25-CV-424
                                            (BKS/DJS)

EXPRESS AUTO CREDIT CORP. and UNIVERSAL
INSTRUMENTS,

                          Defendants.

**APPEARANCES:**

STEVEN HANYON
Plaintiff, *Pro Se*
Port Crane, New York 13833

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      On May 8, 2025, the undersigned issued a Report and Recommendation recommending that Plaintiff's Complaint in this action be dismissed. Dkt. No. 10. In doing so the Court relied on Federal Rules of Civil Procedure 8 & 10 and explained that Plaintiff had failed to properly articulate the factual and legal basis for his purported claims. *Id.* at pp. 4-7. The Court expressly recommended, however, that Plaintiff be afforded leave to file an amended complaint addressing these deficiencies. *Id.* at pp. 7-8. Chief Judge Brenda K. Sannes adopted the Report and Recommendation on June 17,

2025.  Dkt. No. 14.  Plaintiff was granted leave to file an amended complaint within 30 days.  *Id.* at p. 2.

Plaintiff has now filed two single page documents purporting to be his Amended Complaint and Second Amended Complaint.  Dkt. Nos. 17 & 18.  The documents contain an identical, single paragraph which reads:

> I ask the court to use their own Motions or other Remedies, so I can have relief in Federal Controversy from the Defendants from their illegal actions and delaying time of 3 years even from other Court cases, I hope the court helps me out so there is no disciplinary hearing on the court's actions for not finding or using material for a remedy for myself the plaintiff like the court is suppose[d] to do.

*Id.*  As was noted in detail in the Report and Recommendation, a federal pleading must provide a clear explanation of the factual and legal grounds on which Plaintiff asserts he is entitled to relief.  Dkt. No. 10 at pp. 4-5.  Plaintiff's most recent submissions allege neither facts nor legal causes of action against either named Defendant.  As a result, these pleadings are clearly inadequate to comply with federal pleading requirements.  *Id.* at pp. 4-7.  The Court, therefore, recommends that the Amended Complaint be dismissed.

"[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927

F.2d 698, 704-05 (2d Cir. 1991)).  However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases). Here, Plaintiff was provided a prior opportunity to amend.  Dkt. No. 14. Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when she took no steps to do so with [the] first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases).  Under the circumstances presented here, the Court recommends that the Amended Complaint be dismissed with prejudice.

     **ACCORDINGLY**, it is hereby

     **RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED with prejudice**; and it is

     **ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

     Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report.  Such objections shall be filed

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. Fᴇᴅ. R. Cɪᴠ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal

with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  July 11, 2025
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).