**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

STEVEN J. HANYON,

                                     Plaintiff,

                                                                                                        3:25-cv-424 (BKS/DJS)

v.

EXPRESS AUTO CREDIT CORP. and UNIVERSAL
INSTRUMENTS,

                                   Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Steven J. Hanyon
Port Crane, New York

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Steven J. Hanyon filed this action pro se against Defendants Express Auto Credit Corp. and Universal Instruments. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on May 8, 2025, issued a Report-Recommendation, recommending that Plaintiff's complaint be dismissed as Plaintiff had failed to properly articulate the factual and legal basis for his purported claims, as required by Federal Rules of Civil Procedure 8 and 10, but that Plaintiff be granted leave to replead. (Dkt. No. 10, at 4–7). This Court adopted Magistrate Judge Stewart's recommendation, dismissed the complaint without prejudice, and granted Plaintiff leave to file an amended complaint within 30 days. (Dkt. No. 14).

Plaintiff subsequently filed two single-page documents, both titled "Amended Complaint," (Dkt. Nos. 17, 18), which were referred to Magistrate Judge Stewart for review. On

July 11, 2025, Magistrate Judge Stewart issued a Report-Recommendation finding that that the amended complaints, which are nearly identical, "allege neither facts nor legal causes of action against either named Defendant," and thus failed to comply with federal pleading requirements. (Dkt. No. 23, at 1–2). Magistrate Judge Stewart further recommended that the amended complaints be dismissed with prejudice as the earlier Report-Recommendation had put Plaintiff on notice of the deficiencies in the original pleading but that Plaintiff failed to correct those deficiencies despite having an opportunity to file an amended complaint. (*Id.* at 2–3). Magistrate Judge Stewart informed Plaintiff that he had fourteen days within which to file written objections to the Report-Recommendation under 28 U.S.C. § 636(b)(1), and that the failure to object to the Report-Recommendations within fourteen days would preclude appellate review. (*Id.* at 3–4).

In his "Objection," Plaintiff asserts, among other things, that Defendants "br[oke] my fourth amendment right" and that there are "enough material facts in first US District Court Case and in Broome County Records." (Dkt. No. 24). Plaintiff also filed a letter dated July 29, 2025, requesting "updates and of course money from the Defendants from their blackmail," referencing "old charges" in Broome County, and the "hijacking" of a vehicle with a "GPS remote shut-off device." (Dkt. No. 25).

As neither Plaintiff's "Objection" nor his July 29, 2025 letter contains a specific objection to the Report-Recommendation, and as the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the

Court adopts the Report-Recommendation in its entirety, including Magistrate Judge Stewart's recommendation that the amended complaints be dismissed with prejudice.[1]

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 23) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's amended complaints (Dkt. Nos. 17, 18) are **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk is directed to close this case, enter judgment accordingly, and serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 1, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[1] In an abundance of caution, the Court also reviewed the additional documents Plaintiff filed following the amended complaints, (*see* Dkt. Nos. 19, 20, 21, 22), and the Report-Recommendation, (Dkt. Nos. 26, 27), but finds that none of the documents contain any allegations that suggest allowing further amendment would lead to the filing of a facially-plausible claim or raise an objection to the Report-Recommendation.